

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2004

# Johnson v. Blaine

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3244

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Johnson v. Blaine" (2004). *2004 Decisions.* Paper 86.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/86

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 03-3244

_____

TERRELL B. JOHNSON,

Appellant

v.

CONNER BLAINE, Superintendent of the State Correctional
Institute of Greene; *GERALD J. PAPPERT, Attorney General
of the Commonwealth of Pennsylvania

*(Amended Pursuant to Rule 43(c), F.R.A.P.)

_____

Appeal from the United States District Court
for the Western District of PA
(D.C. No. 02-cv-00385)
Trial Judge: Francis X. Caiazza, Magistrate

_____

Argued on September 28, 2004

Before: ROTH, BARRY and GARTH, Circuit Judges

(Opinion filed: December 13, 2004)

Thomas N. Farrell, Esquire (Argued)
210 Grant Street, Suite 401
Pittsburgh, PA 15219

Counsel for Appellant

Ronald M. Wabby, Jr., Esquire (Argued)
Office of District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219

Counsel for Appellees

—————

OPINION

—————

ROTH, Circuit Judge.

In June 1995, Terrell B. Johnson was convicted of first-degree murder and he was subsequently sentenced to life imprisonment. On direct appeal, the Pennsylvania Superior Court affirmed the conviction and the sentence. The Pennsylvania Supreme Court denied allocatur. Johnson filed a petition for post-conviction relief in the Court of Common Pleas for Allegheny County under Pennsylvania's Post-Conviction Relief Act ("PCRA"). 42 PA. CONS. STAT. § 9541 (2004) (last amended Apr. 13, 1988). In his petition, Johnson claimed that he did not receive effective assistance of counsel in violation of the Sixth Amendment because his trial counsel failed to call several witnesses at trial. Johnson also claimed that counsel did not adequately cross-examine the prosecution's main witness. The Court of Common Pleas granted Johnson's petition and ordered a new trial. The Commonwealth of Pennsylvania appealed, and the Pennsylvania Superior Court reversed. The Pennsylvania Supreme Court again denied Johnson's petition for allocatur.

2

Johnson then filed a writ of federal habeas corpus in the District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 2254. In the writ, Johnson made similar ineffective assistance of counsel claims.[1] Pursuant to the Magistrate's Act, 28 U.S.C. § 636(b)(1) (2004), the District Court referred the case to a Magistrate Judge for a Report and Recommendation. The Magistrate Judge, in his Report and Recommendation, found that Johnson did not meet the burdens created by the Antiterrorism and Effective Death Penalty Act, which amended 28 U.S.C. § 2254 and required federal habeas courts to give great deference to state court decisions. See 28 U.S.C. § 2254(d). The District Court adopted the Magistrate Judge's Report and Recommendation and denied Johnson's writ. Johnson appealed.

The District Court had jurisdiction over the initial writ of federal habeas corpus under 28 U.S.C. §§ 1331, 2241, and 2254. Mickens-Thomas v. Vaughn, 355 F.3d 294, 303 (3d Cir. 2004). We have jurisdiction over the appeal by virtue of its grant of the certificate of appealability and 28 U.S.C. §§ 1291 and 2253. Id.

For substantially the reasons articulated in the Magistrate Judge's Report and Recommendation, we will affirm the judgment of the District Court.

---

[1] Specifically, Johnson claimed that his trial counsel was ineffective because he failed to call witnesses, failed to adequately cross-examine the prosecution's main witness, and failed to adequately investigate the crime scene, and that even if these trial counsel errors individually did not amount to ineffectiveness of counsel, the cumulative effect of these errors considered together did amount to ineffective assistance of counsel.